UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DAVID BARBIERI, GAIL BARBIERI,

        Plaintiffs,

  v.

FORD MOTOR COMPANY, AUTOLIV, INC., KEY SAFETY SYSTEMS, and DOES 1-100,

        Defendants.
_____/

Civ. No. S-09-3132 FCD/EFB

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

This matter is before the court on plaintiffs David Barbieri and Gail Barbieri's (collectively "plaintiffs") motion for leave to file a first amended complaint in order to join non-diverse defendants pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 15(a)(2). Defendant Ford Motor Company ("Ford") opposes this motion arguing, inter alia, that plaintiffs' motion is brought for the sole purpose of destroying diversity jurisdiction and that the court should deny the motion pursuant to its discretionary powers under 28 U.S.C. § 1447(e). For the reasons

set forth below,[1] plaintiffs' motion for leave to amend their complaint to join Harold Ford is GRANTED.[2]

**BACKGROUND**

This matter arises out of injuries sustained to plaintiff David Barbeiri during a car collision in Sacramento, California on September 13, 2007.  On October 29, 2008, plaintiffs filed a suit in Sacramento Superior Court against the State of California, the Department of Transportation, the County of Sacramento, the City of Sacramento and the City of Rancho Cordova, seeking damages for injuries allegedly sustained in the car collision.  (Ex. A to Decl. of Mia O. Hernandez in Supp. of Def.'s Opp'n ("Hernandez Decl."), filed Feb. 26, 2010.)  The complaint alleged that the negligent construction, maintenance, operation, control and design of the highway allowed another vehicle to drift off road and travel down an embankment where it struck David Barbeiri's 2001 Ford Taurus head-on.  (Id.)  As a result of this dangerous condition, Mr. Barbeiri suffered injuries including right frontal intraparechymal hemorrhage, right periorbital and front pneumocephalus, multiple facial fractures, including nasal, orbital and ethmoid fractures, post-traumatic seizures, multiple rib fractures, right fifth digit laceration, and nose laceration.  (Id.)

---

[1] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L. R. 230(g).

[2] Plaintiffs also concurrently filed a motion to remand. Because, for the reasons set forth *infra*, the motion for leave to amend is granted, which destroys the basis for diversity jurisdiction, plaintiffs' separate motion to remand is DENIED as MOOT.

1      On September 2, 2009, plaintiffs filed a separate suit in
2 Sacramento Superior court for damages resulting from the same
3 accident. (Ex. B to Hernandez Decl.)  Plaintiffs' complaint
4 alleges claims for strict liability, negligence, and breach of
5 warranty against defendants Ford, the manufacturer of the Ford
6 Taurus, Autoliv ASP, Inc. ("Autoliv"), the manufacturer of the
7 airbag module, and Key Safety Systems, Inc. ("Key Safety"), the
8 manufacturer of the seat belt pretensioner. (<u>Id.</u>)  It does not
9 set forth any claim against Harrold Ford ("Harrold Ford"), the
10 California dealership from which plaintiffs purchased the used
11 2001 Ford Taurus. (<u>Id.</u>)  The complaint alleges substantially the
12 same injuries as the complaint against the state but also
13 includes non-economic injuries. (<u>Id.</u>)

14     On October 13, 2009, defendant Ford answered plaintiffs'
15 state court complaint and filed a Notice of Removal to this
16 court. (Hernandez Decl. ¶ 2.)  On October 16, 2009, the court
17 remanded the case to Sacramento Superior Court as Ford failed to
18 demonstrate an amount in controversy that exceeded $75,000.00.
19 (Ex. C to Hernandez Decl.)

20     On October 20, 2009, Ford served written discovery on
21 plaintiffs in state court seeking a statement of damages from
22 plaintiff. (Ex. D to Hernandez Decl.)  Also, Ford contacted
23 plaintiffs and suggested that the parties stipulate to an amount
24 in controversy for less than $75,000.00. (Hernandez Decl. ¶ 6.)
25 Plaintiffs did not provide a statement of damages and did not
26 stipulate that the amount in controversy was less than
27 $75,000.00. (<u>Id.</u> ¶ 7.)  Based on the materials received from
28 plaintiffs, including medical bills in excess of $200,000.00,

3

1  Ford removed the case a second time on November 12, 2009.  (Id.)
2       In the interim, on October 26, 2009, plaintiffs noticed the
3  deposition of the person most knowledgeable at Harrold Ford.
4  (Decl. of Scott Righthand in Supp. of Pl.'s Mot. ("Righthand
5  Decl."), filed Dec. 14, 2009, ¶ 10.)  After it was continued at
6  the request of Harrold Ford, the deposition of William Bergaus, a
7  parts and service director at Harrold Ford for the past 11 years,
8  was taken on November 16, 2009.  (Id. ¶¶ 10-11.)  Plaintiffs
9  claim that this deposition was the first time they discovered
10 information that indicated Harrold Ford was negligent.  (Id. ¶
11 11.)  Specifically, plaintiffs claim to have discovered that
12 Harrold Ford negligently inspected the used 2001 Taurus before
13 reselling it and misrepresented that the vehicle had undergone
14 specific diagnostic tests when, in fact, it had not.  (Id.)
15 Based on the facts discovered at the deposition, plaintiffs claim
16 there was sufficient basis upon which to add Harrold Ford as a
17 defendant.  On December 14, 2009, plaintiffs filed a Motion for
18 Leave to File First Amended Complaint, which included a proposed
19 First Amended Complaint.  (See Ex. E to Righthand Decl.)

**ANALYSIS**

21    Ford argues that plaintiffs' attempted amendment should not
22 be permitted under 28 U.S.C. § 1447(e).  Specifically, Ford
23 contends that Harrold Ford is not needed for just adjudication,
24 that plaintiffs would not be barred by any statutes of
25 limitations and would be able to bring this claim in state court,
26 that plaintiffs inexplicably delayed in bringing this claim, and
27 that plaintiffs' motives in bringing the claim against Harrold
28 /////

4

Ford are based solely on defeating jurisdiction and not the result of any evolution of the case.

Under FRCP 15(a)(2), the court should "freely give leave" to amend a complaint "when justice so requires." However, this permissive standard does not apply "if a plaintiff seeks to amend a removed complaint in a manner that would destroy diversity . . . . " Clinco v. Roberts, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999). "To apply a permissive standard in this situation would allow a plaintiff to improperly manipulate the forum of an action." Chan v. Bucephalus Alternative Energy Group, LLC, No. 08-04537, 2009 WL 1108744 at *3 (N.D. Cal. Dec. 19, 2009) (quoting Clinco, 41 F. Supp. 2d 1080, 1086-87). When this situation arises, the court has full discretion to evaluate the motion pursuant to 28 U.S.C. § 1447(e). Clinco, 41 F. Supp 2d at 1082; Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).

Under 28 U.S.C. § 1447 (e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." The court generally applies a five factor test in determining whether to permit joinder under 28 U.S.C. § 1447 (e). These factors include:

> (1) Whether the party sought to be joined is needed for just adjudication and would be joined under [FRCP] 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder; (3) whether there has been unexplained delay in seeking joiner; (4) whether the joinder is solely for the purposes of defeating federal jurisdiction; (5) the strength of the claims against the new defendant.

5

1  <u>Clinco</u>, 41 F. Supp. 2d at 1082 (citing Schwarzer, et al.,
2  California Practice Guide: Federal Civil Procedure Before Trial ¶
3  2:1078 (2002)); <u>Chan</u>, 2009 WL 1108744 at *3; <u>Boon v. Allstate
4  Ins. Co.</u>, 229 F. Supp. 2d 1016, 1020; <u>see also</u> <u>IBC Aviation
5  Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.</u>, 125
6  Supp.2d 1008, 1011 (N.D. Cal. 2000).

### 1. Just Adjudication

Under FRCP 19(a), joinder of a party is required if the court cannot accord complete relief among existing parties of if disposition of a the action in the person's absence would impair or impede the person's ability to protect their interest or leave an existing party subject to otherwise inconsistent obligations. "Although courts consider whether a party would meet [FRCP] 19's standard for a necessary party, amendment under § 1447(e) is a less restrictive standard than for joinder under [FRCP] 19." <u>IBC Aviation Servs., Inc.</u>, 125 F. Supp. 2d at 1011-12. Rather, "Congress gave the courts broad discretion to allow joinder, even though remand may result." <u>Righetti v. Shell Oil Co.</u>, 711 F. Supp. 531, 535 (N.D. Cal. 1989) (noting that "[s]uch discretion is inconsistent with the more restrictive approach under Rule 19"). "Thus, courts have held that the first factor favors joinder and remand 'when failure to join will lead to separate and redundant actions,' but not when 'defendants are only tangentially related to the cause of action or would not prevent complete relief.'" <u>Chan</u>, 2009 WL 1108744 at *3 (quoting <u>Boon</u>, 229 F. Supp. 2d at 1022).

In this case, plaintiffs proposed First Amended complaint alleges non-economic damages against all defendants. Pursuant to

6

California Civil Code § 1431.2, "[i]n any action for property damage [or] personal injury . . . the liability of each defendant for non-economic damages shall be *several only* and shall not be joint." (Emphasis added).  The statute defines non-economic damages as, "subjective, non-monetary losses including, but not limited to, pain, suffering, inconvenience, mental suffering, emotional distress, loss of society and companionship, loss of consortium, injury to reputation and humiliation."  <u>Id.</u>  Because plaintiffs' allegations relating to defects with the car implicate all defendants, the jury could find that Harrold Ford was partially or wholly liable for non-economic damages.  Because parties are not jointly liable, plaintiff may be unable to receive full relief in Harrold Ford's absence.  At minimum, plaintiffs will be forced to try an action, which arises out of the same accident and alleging the same defects in the vehicle, in two separate proceedings in two separate forums.

    Defendant Ford's reliance on <u>Lopez v. General Motors Corp.</u> for the proposition that only a manufacturer is needed to receive full relief in an automobile products liability case is misplaced.  697 F.2d 1328 (9th Cir. 1983)  <u>Lopez</u> was decided in 1983, when the law provided that a defendant was jointly and severally liable for all economic and non-economic damages.  However, California Civil Code § 1431.2 was codified in 1986.  As such, the court's holding in <u>Lopez</u> is unpersuasive to the court's analysis in this case.  Further, even if Harrold Ford is not a necessary party to plaintiffs' action under the strict standards of FRCP 19(a), plaintiffs have sufficiently demonstrated that
/////

7

Harrold Ford is more than tangentially related to their claims for relief under § 1447.

Therefore, this factor favors allowing plaintiffs' to amend their complaint to join Harrold Ford.

### 2. Statute of Limitations

In evaluating whether it should allow amendment that would destroy diversity, courts must consider whether the statute of limitations would prevent the filing of a new action against the new defendant. Clinco, 41 F. Supp. 2d at 1082-83. There is a two year statute of limitations in California for injuries caused by negligence. Cal. Civ. Proc. Code § 335.1 (West 2006). Here, plaintiffs' accident took place on September 7, 2007, over two years ago. Plaintiffs contend they only recently discovered the facts giving rise to the claim against Harrold Ford and also may make a Doe amendment to their pending state law claim against the State of California. As such, they assert that equitable tolling should apply. However, this is a question of fact that would require resolution by the adjudicating court on evidence not currently before this court. See Zhang v. Saks Inc., No. 09-4447, 2009 WL 5125815 at *4 (N.D. Cal. Dec. 21, 2009) (considering the plaintiff's arguments for equitable tolling in § 1447 analysis).

Further, even if a state court action might be possible, it would require plaintiffs to litigate essentially the same issues in two forums. This would be a waste judicial resources and risk inconsistent results. See IBC Aviation Servs., 125 F. Supp. 2d at 1012 (considering the waste of judicial resources and risk of inconsistent results even though a state court action against the

8

new defendant might be possible).  Therefore, this is a neutral factor that does not weigh in favor or against plaintiffs' amendment.

### 3.  Unexplained Delay

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion."  Clinco, 41 F. Supp. 2d at 1083 (citing Lopez,697 F.2d 1328, 1332).  In evaluating the timeliness of an attempted amendment, courts have not set forth a dispositive time limit.  IBC Aviation Servs, Inc., 125 F. Supp. 2d at 1012 (holding that a delay of two months after filing the initial complaint and five weeks after removal was "timely" and "not unreasonable"); see Zhang, 2009 WL 5125815 at *4 (holding that a delay of four and a half months was "minimal").  Rather, courts look to the procedural posture of the case.  Lopez, 697 F.2d at 1332 (holding that a delay of six months after removal and eight months after the filing of the complaint was unreasonable where the plaintiff sought amendment four days prior to a summary judgment hearing).

In this case, plaintiffs filed their motion to amend three months after they filed their initial complaint and one month after removal.  No scheduling order has been issued in this action nor dispositive motions filed.  Therefore, this factor favors allowing plaintiffs' to amend their complaint to join Harrold Ford.[3]

---

[3] Defendant's argument that the court should measure the time period from the time plaintiffs filed their complaint against the State of California - approximately a year before this complaint was filed - is not compelling.  Defendants rely

9

**4.  Motive for Joinder**

"[T]he motive of a plaintiff seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." Clinco, 41 F. Supp. 2d at 1083 (quoting Desert Empire Bank, 623 F.2d 1371, 1376 (9th Cir. 1980)).  In evaluating a plaintiff's motives, courts have considered whether the plaintiff sought to add a non-diverse defendant only after the case was removed to federal court.  Clinco, 41 F. Supp. 2d at 1083; Bonner v. Fuji Photo Film, 461 F. Supp. 2d 1112, 1120 (N.D. Cal. 2006). However, at least one court has noted that the timing of the motion is not dispositive and "decline[d] to impute improper motive to Plaintiff simply because Plaintiff [sought] to add a non-diverse defendant post removal."  IBC Aviation Servs., 125 F. Supp. 2d at 1012 (noting that "[s]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives the courts more flexibility" because the congressional intent of § 1447(e) was to undermine the doctrine of some courts to view diversity destroying amendments with suspicion); see Chan, 2009 WL 1108744 at *5 (holding that plaintiff did not have an improper motive even though amendment was sought after removal).

/////

---

solely on Lopez to support this argument.  However, in Lopez, the court measured the time period from when the action was removed, even though the claims was brought six years after the date of the accident, a complaint had been previously filed, and a settlement had been reached with another defendant.  Lopez,697 F.2d at 1330, 1332.  As such, Lopez does not support defendant's position.

10

Here, plaintiffs' amendment was filed after the case had been removed to this court. However, plaintiffs began their investigation of Harrold Ford while the case was in state court. Specifically, plaintiffs noticed the person most knowledgeable at Harrold Ford on October 23, 2009 approximately three weeks before the case was removed. Plaintiffs were unable to take the Harrold Ford's deposition until November 12, 2009, the day this case was removed. The factual basis of plaintiffs amendment and joinder originates from this deposition. Cf. Clinco, 41 F. Supp. 2d at 1083 (finding improper motive where "one could justifiably suspect that [the plaintiff's] amendment of the complaint was caused by the removal, rather than an evolution of the case"). Thus, as there is some indication that plaintiffs were seeking to join Harrold Ford before the case was removed to federal court, this factor is neutral or, at most, weighs only marginally in favor of denying plaintiffs' amendment.

**5.   Strength of Claim Against New Defendant**

In evaluating amendments under 1447 (e), courts consider whether the claims that form the basis of the amendment are meritorious. IBC Aviation Servs., 125 F. Supp. 2d at 1012-13. In making this determination courts consider whether the claims are potentially valid. Id. (finding this factor weighed in favor of amendment where the "[p]laintiff may have valid claims"); Zhang, 2009 WL 5125815 at *6 (finding this factor weighed in favor of amendment because plaintiff could "state a legal claim"); Chan, 2009 WL 1108744 at *5-6 (holding that this factor weighed in favor of amendment because "plaintiff's claims against [defendant] are potentially valid").

11

In this case, plaintiffs state a potentially valid claim for negligent misrepresentation against Harrold Ford in their proposed amended complaint. Specifically, plaintiffs allege that Harrold Ford represented to plaintiffs, before they purchased the 2001 Ford Taurus, that the vehicle was safe. Plaintiffs allege that Harrold Ford designed and regimented a 115 point inspection of the vehicle and that this inspection was both inadequate and improperly conducted. Also, plaintiffs specifically allege that as a result of the deficient inspection of the safety systems plaintiffs suffered injuries. These allegations establish a potentially valid claim for negligent misrepresentation. Thus, this factor weighs in favor of amendment.[4]

**CONCLUSION**

Taking into account the § 1447(e) factors, the court concludes that the totality of the circumstances weighs in favor of allowing plaintiffs to amend their complaint and join Harrold Ford as a non-diverse defendant. Accordingly, plaintiffs' motion for leave to amend their complaint to join Harrold Ford is GRANTED. Because such joinder destroys diversity jurisdiction, that the action is REMANDED to the Superior Court of California in and for County of Sacramento.

IT IS SO ORDERED.

DATED: March 31, 2010.

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiffs also allege claims of negligence and breach of warranty against Harrold Ford. Because the court has found one of plaintiffs' claims is meritorious under this factor, the court need not evaluate the merits of the other two claims.

12